IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KYEEM KING,

    Plaintiff,

    v.

STACY A. GALLANT and
JANETTE CLARK,

    Defendants.

Civil Action No.:  SAG-25-1053

**MEMORANDUM**

Self-represented Plaintiff Kyeem King, who is currently incarcerated at Western Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Stacy A. Gallant and Janette Clark.  ECF No. 8.  On September 5, 2025, Defendants filed a Motion to Dismiss.  ECF No. 14.  King opposes the Motion (ECF No. 16); Defendants replied (ECF No. 19).  A hearing is not necessary.[1]  *See* Local Rule 105.6 (D. Md. 2025).  For the reasons explained below, Defendants' Motion will be granted in part and denied in part.

**I.  Background**

King states that on December 16, 2024, he was diagnosed with a "dislocated first metacarpal at the carpometacarpal joint…" ECF No. 8 at 1.  As a result, King was scheduled to see an orthopedic surgeon, Dr. Konrad L. Dawson, the following week, who appears to have been "able to relocate [King's] thumb." *Id.* at 2; ECF No. 1-1 at 35.  King saw Defendant Clark on

---

[1] Also pending are King's two Motions for Appropriate Relief.  ECF Nos. 21, 24.  The first motion appears to be a surreply to Defendants' Motion, which also requests a hearing.  The Court will not consider an unauthorized surreply in deciding the Motion.  As no hearing is necessary, the motion will be denied.  The second motion asserts that King is having issues with the medical department as a result of having filed this case.  King only seeks that the Court take whatever action it deems appropriate, not providing any specificity.  The new issues raised in the motion are not currently before the Court.  King may file a separate complaint to the extent he has a viable claim.

January 16, 2025, for a one-month follow-up appointment; she ordered him a splint and prescribed a topical gel and ibuprofen.  *Id.*  Weeks later, King was vomiting blood and experiencing bloody stool; he submitted a sick call request for his stomach pain.  *Id.*  King claims that on February 4, 2025, he read the warning label on the topical gel, which stated that "the use of other NSAIDS, such as ibroprofen [sic] would cause severe stomach bleeding."  *Id.*  That same day, Defendant Gallant saw King in response to his sick call.  *Id.* at 3.  According to King, despite his complaints of stomach pain, Gallant did not take any action and simply noted that she believed King was taking too much ibuprofen.  *Id.*  The records attached to the Amended Complaint show that in addition to this note, she also referred King to a provider for evaluation.  ECF No. 1-1 at 6.

King asserts that Clark knew or should have known the danger of prescribing two NSAIDs to him and Gallant failed to discontinue and replace one of the NSAIDs in response to his internal bleeding.  ECF No. 8 at 3.  He contends that the risk was obvious as the warning was on both of the prescribed medications.  *Id.* at 4.  King alleges that Defendants intentionally overprescribed the NSAIDs to avoid prescribing actual painkillers.  *Id.* at 5.  King seeks compensatory and punitive damages.  *Id.* at 6.

## II.  Standard of Review

Defendants move to dismiss, arguing that King's Amended Complaint fails to state a claim upon which relief can be granted.  ECF No. 14.  To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege

sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

### III. Discussion

Defendants argue that King has failed to state claims for negligence or for deliberate indifference under the Eighth Amendment. ECF No. 14-1 at 3. The Court will address King's constitutional claim first.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017).

To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson*, 877 F.3d at 543.

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was

available. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto v. Stansberry*, 841 F.3d 219, 228 (4th Cir. 2016) (failure to provide diabetic inmate with insulin where physician acknowledged it was required is evidence of objectively serious medical need).

After a serious medical need is established, a successful claim requires proof that the defendants were subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer*, 511 U.S. at 839-40. "Actual knowledge or awareness on the part of the alleged inflicter … becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto*, 841 F.3d at 226 (quoting *Farmer*, 511 U.S. at 842).

If the required subjective knowledge is established, a defendant may avoid liability "if [they] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*,

511 U.S. at 844; *see also Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016) ("[A] prison official's response to a known threat to inmate safety must be reasonable."). Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2001) (citing *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)) *see also Jackson*, 775 F.3d at 179 (physician's act of prescribing treatment raises fair inference that he believed treatment was necessary and that failure to provide it would pose an excessive risk).

Defendants do not appear to dispute the severity of King's medical needs. Instead, they argue that King failed to plead facts showing that either Defendant was "actually aware" or expressly acknowledged that the prescribed medications could cause stomach bleeding. ECF No. 14-1 at 4. They also deny that King has plead that the risk was obvious. *Id.* Defendants contend that King relies on the presumed knowledge of experienced medical professionals to support his claim. *Id.* at 4-5. Defendants appear to overlook King's explicit statement that the risk is obvious because the warning is on the box. *See* ECF No. 8 at 4. King reiterates this in his opposition, citing the manufacturer warnings. ECF No. 16 at 1-2; ECF No. 16-1.

Assuming the facts in the Amended Complaint are true and drawing all reasonable inferences in King's favor, the Court finds that he has adequately stated a deliberate indifference claim. He states that the risk of taking too many NSAIDs is obvious as a warning appears on the label. The Court finds Defendants' contention that they were not actually aware of the risk unavailing, even more so the argument that they did not "explicitly acknowledge" any risk to King. A defendant's silence about a known risk of harm does not protect them from liability. Defendants also claim that King was hoarding ibuprofen so he could take more on days of severe pain. The

Court does not decide factual disputes on a motion to dismiss and must assume that King was using his medications as prescribed. As such, the Court finds that King's allegations that Clark prescribed him two NSAID medications despite the obvious risk and Gallant's failure to intervene when King presented with symptoms associated with using excessive NSAIDs are sufficient to support his constitutional claim. Defendants' Motion will be denied as to King's Eighth Amendment deliberate indifference claim.

King's negligence claim, however, will be dismissed. A negligence claim based on medical care is a malpractice claim that, under Maryland law, King may assert only if he can demonstrate that he exhausted administrative remedies by first presenting it to the Maryland Health Care Alternative Dispute Resolution Office. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-2A-10; *Wilcox v. Orellano*, 115 A.3d 621, 625 (Md. 2015); *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (holding that this requirement applies to medical malpractice claims filed in state or federal court). There is no basis to conclude that King satisfied this requirement and therefore his claim must be dismissed. To that extent, Defendants' Motion is granted.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. King's negligence claim is dismissed without prejudice. Defendants shall file an Answer to King's Eighth Amendment claim within 30 days. As this case will proceed to discovery, in light of King's indigency and status as a pro se incarcerated plaintiff, the Court will appoint counsel to represent him in this matter moving forward.

A separate Order shall issue.

May 5, 2026
Date

/s/
Stephanie A. Gallagher
United States District Judge